May 4th, 1810.
Grimke, J.,
delivered the opinion of a majority of the court, viz.: Grimke, Waties, and Smith, Justices; Bay, J., dissenting. There is a reasonable distinction in law, between indorse-ments in blank, and full indorsements. Blank indorsements are good in the hands of any person, in like manner as notes payable to bearer. But it is not so with respect to full indorsements. Every indorser is in nature of a new maker. The payee of a full indorsement is designated. In a blank indorsement it is not so. Indorsement in blank gives the effect of a note payable to bearer. Indorsement in full does not give that effect. Kyd on Bills, 66. Doug. 611, 633. A note, with an indorsement in blank, passes by delivery, and pos. session gives property. A note with a full indorsement, does not pass by delivery, but by indorsement, and possession does not give property. A blank indorsement may be stricken out, where the person in possession is the original payee, because there would appear no necessity for an indorsement. But not so where the in-dorsement is in’full, because there the property has been transferred by endorsement, and possession does not give property.
Motion rejected.